# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                              No. 4:08CR00003 JLH

BRIAN BARRON                                                                                  DEFENDANT

## OPINION AND ORDER

Brian Barron has filed a "writ quo warranto" alleging that the Bureau of Prisons has failed to give him credit for time spent in state custody. "Historically quo warranto was 'the prerogative writ by which the government [could] call upon any person to show by what warrant he holds a public office or exercises a public franchise.'" *United States v. Machado*, 306 F. Supp. 995, 998 (N.D. Cal. 1969) (quoting *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 545-46, 35 S. Ct. 881, 883, 59 L. Ed. 1446 (1915). Quo warranto is a form of action in which the legal validity of a town, a corporation, or other such entity is called into question. *Country Club Estates, LLC v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000); *Consol. Electric Coop. v. Panhandle E. Pipeline Co.*, 189 F.2d 777, 782 (8th Cir. 1951). A private party ordinarily cannot bring an action quo warranto but must act through or with the authority of an attorney general or other public attorney. *Country Club Estates*, 213 F.3d at 1003. Barron's petition is not properly brought as a quo warranto proceeding.

The remedy for an inmate whose release date has been improperly calculated and who has exhausted his administrative remedies is to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The First Circuit has explained:

> [I]t is well-established that a request for credit for prior custody under 18 U.S.C. § 3585(b)(2) must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing. *See United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) ("[Section] 3585(b)

does not authorize a district court to compute the [presentence detention] credit at sentencing."). Once administrative remedies are exhausted, *see* 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of any jail-time credit determination, *see Wilson*, 503 U.S. at 335, 112 S. Ct. at 1351, by filing a habeas petition under 28 U.S.C. § 2241.

*Rogers v. United States*, 180 F.3d 349, 357-58 (1st Cir. 1999) (second and third alterations in the original); *see also United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). Barron's remedy, if any, is under 28 U.S.C. § 2241, not in a quo warranto proceeding.

A petition pursuant to 28 U.S.C. § 2241 must be filed in the jurisdiction where the inmate is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (citation omitted). Barron is incarcerated in Texarkana, Texas, which is in the Eastern District of Texas. His section 2241 petition must be filed in that district. Therefore, Barron's petition will be dismissed without prejudice. Document #40.

IT IS SO ORDERED this 13th day of June, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE